UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PATTEN'S METAL EXPRESS, L.L.C.　　　　　　　　　　　CIVIL ACTION
AND RONALD WAYNE PATTEN

VERSUS　　　　　　　　　　　　　　　　　　　　　　　NO. 15-4572

ADCC METALS, L.L.C., ET AL.　　　　　　　　　　　　SECTION "N" (5)

## ORDER AND REASONS

Presently before the Court is the motion for partial summary judgment filed by Defendants (Rec. Doc. 32). Having carefully reviewed the parties' opposing and supporting submissions, **IT IS ORDERED** that the motion is **DENIED**.[1]

## LAW AND ANALYSIS

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts

---

[1] Considering the circumstances set forth in the parties' submissions, and the dispositive nature of the relief requested in Defendants' motion for partial summary judgment, **IT IS ORDERED** that Plaintiffs' motion to strike (Rec. Doc. 35) is **DENIED**, whereas Defendants' motion for leave to file outside of the dispositive motion deadline (Rec. Doc. 37) is **GRANTED**.

are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888(1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

Applying the foregoing principles to the evidence adduced by the parties, the Court does not presently find Defendants, on the showing made, to be entitled to the summary relief that they seek with their motion. In short, the Court finds the declaration of Ms. Rhonda Bryant (Rec. Doc. 39-5) sufficient to create a triable issue relative to whether David Anthony Morace's July 12, 2015 verbal statements served to acknowledge $334,763.20 of the $367,938.41 sought by Plaintiffs for purposes of interrupting liberative prescription as to that amount. *See* La. Civ. Code art. 3464 ("Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe."). Further, the authorities cited by Defendants in their reply memorandum

(Rec. Doc. 45) appear distinguishable. Given the foregoing, Defendants' motion for partial summary judgment is denied. This ruling, however, is of course without prejudice to Defendants' right to cross-examine pertinent witnesses regarding the July 12, 2015 comments, and to request judgment in its favor, as a matter of law, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, at the conclusion of trial.

    New Orleans, Louisiana, this 3rd day of October 2016.

                                        _____
                                        KURT D. ENGELHARDT
                                        UNITED STATES DISTRICT JUDGE

**Clerk to Copy:**

Magistrate Judge North

4